IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRAD ALLEN, et al., §
 §
        Plaintiffs, §
 § Civil Action No. 3:16-CV-0249-D
VS. §
 §
WELLS FARGO BANK, National §
Association, §
 §
        Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action alleging violations of regulations promulgated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), including of 12 C.F.R. §§ 1024.41 and 1024.40(a), defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' claims. Concluding that the motion should be treated as a Rule 12(c) motion for judgment on the pleadings—which is decided under the same standard that applies to a Rule 12(b)(6) motion—the court grants the motion for the reasons that follow, and dismisses this action with prejudice.

I

Plaintiffs Brad Allen and Brenda Lee Allen (collectively, "the Allens") are the current record owners of residential property located in Rockwall, Texas (the "Property").[1] In 2006

---

[1]As the court explains below, the standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that

the Allens entered into a mortgage loan agreement with Wells Fargo by executing a promissory note and deed of trust in Wells Fargo's favor. Wells Fargo later assigned the mortgage to another bank, but continued to service the loan as the assignee's trustee.

In 2011 the Allens executed a loan modification agreement that restructured the Wells Fargo loan. In June 2015 the Allens requested another loan modification from Wells Fargo, and submitted all required documents for Wells Fargo's review. Wells Fargo never denied the Allens' request in writing or requested additional documentation in writing. The Allens allege that Wells Fargo and its employees did not substantively respond to attempts to contact them about the loan modification, and, in telephone conversations, only told the Allens that they had not submitted all necessary documents.

The Allens later defaulted on their mortgage, and Wells Fargo began foreclosure proceedings. The Allens then filed this lawsuit in state court, which granted a temporary restraining order prohibiting Wells Fargo from proceeding with a December 2015 foreclosure sale. Wells Fargo removed the case to this court based on federal question and diversity jurisdiction, and it now moves to dismiss under Rule 12(b)(6). The Allens oppose the motion.

---

used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)). "For both [Rule 12(b)(6) and Rule 12(c)] motions . . . the well-pleaded facts are viewed in the light most favorable to the plaintiff." *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011) (quoting *Turbomeca, S.A. v. Era Helicopters, LLC*, 536 F.3d 351, 354 (5th Cir. 2008)) (internal quotation marks omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

II

As a threshold matter, the court holds that Wells Fargo's motion must be treated as a Rule 12(c) motion for judgment on the pleadings rather than a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. This is so because Wells Fargo filed an answer in state court before removing the case to this court. Rule 12(b) provides that "[a] motion asserting [failure to state a claim on which relief can be granted] must be made before pleading if a responsive pleading is allowed." When, as here, a defendant mistakenly files a Rule 12(b)(6) motion, the court can treat the motion as one filed under Rule 12(c). *See, e.g., Dorward v. Ramirez*, 2009 WL 2777880, at *3 n.4 (N.D. Tex. Aug. 28, 2009) (Fitzwater, C.J.) (construing motion filed under Rules 12(b)(6) and 12(c) as made under Rule 12(c) because it was filed after defendant had filed an answer); *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *13 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) ("[Defendant's] Rule 12(b)(6) motion is untimely because he filed it . . . after he answered [plaintiff's] first amended complaint[.] . . . Nevertheless, the court will treat the motion as if it were a Rule 12(c) motion for judgment on the pleadings.").

The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *See, e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal quotation marks omitted)). Under Rule 12(b)(6), the court evaluates the sufficiency of plaintiffs' complaint "by accepting all well-pleaded facts

as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and brackets omitted). To survive Wells Fargo's motion to dismiss, the Allens must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

III

The court first addresses whether the Allens have stated a claim under RESPA for a violation of 12 C.F.R. § 1024.41.

A

Section 1024.41 of the Code of Federal Regulations—entitled "Loss mitigation procedures"—regulates loss mitigation procedures provided by loan servicers. *See* 12 C.F.R. § 1024.41. Section 1024.41 does not require that a servicer "provide any borrower with any specific loss mitigation option." *Id.* § 1024.41(a). Instead, it specifies required procedures, including deadlines for reviewing timely loss mitigation applications, and requirements for notifying borrowers in writing, within 30 days of receipt of a complete loss mitigation application,[2] which loss mitigation options, if any, it will offer the borrower, or the specific reasons for denying a complete loss mitigation application. *Id.* § 1024.41(c)(1)(ii) and (d). This section is privately enforceable under § 6(f) of RESPA, 12 U.S.C. § 2605(f). *Id.* § 1024.41(a).

Here, the Allens allege that Wells Fargo violated § 1024.41(c)(1)(ii) and (d) by failing within 30 days to give them written notice either of the loss mitigation options it would offer them or of its reasons for denying their application.

---

[2]Under § 1024.41(b), "[a] complete loss mitigation application means an application in connection with which a servicer has received all the information that the servicer requires from a borrower in evaluating applications for the loss mitigation options available to the borrower."

B

Wells Fargo contends that § 1024.41 only obligates it to review a single loss mitigation application for each borrower, and that because it had already entered into the 2011 loan modification with the Allens, it had no obligation to comply with the regulation's procedures for their 2015 application. *See* 12 C.F.R. § 1024.41(i) ("A servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account."). Although § 1024.41(i) only became effective on January 10, 2014 (after the Allens' 2011 loan modification), Wells Fargo contends that this limitation of the duty to a single loss mitigation application per borrower applies without regard to when the previous mitigation application was submitted. There is case law that supports this position. *See Trionfo v. Bank of Am., N.A.*, 2015 WL 5165415, at *4 (D. Md. Sept. 2, 2015); *Bobbitt v. Wells Fargo Bank, N.A.*, 2015 WL 12777378, at *3 (S.D. Tex. May 7, 2015); *see also Wentzell v. JPMorgan Chase Bank, Nat. Ass'n*, 627 Fed. Appx. 314, 318 n.4 (5th Cir. 2015) (per curiam) (suggesting in *dicta* § 1024.41(i)'s application to an analogous case).

Wells Fargo also contends that the Allens are barred from bringing a RESPA claim because they defaulted on the payments of their 2011 loan modification agreement, *see* 12 C.F.R. § 1024.41(g)(3) (prohibiting foreclosure while loss mitigation application is pending, unless "[t]he borrower fails to perform under an agreement on a loss mitigation option"); that the Allens fail to allege actual damages with particularity, which is an essential element of a RESPA claim; that the Allens are not entitled to statutory damages because they do not

allege that Wells Fargo engaged in a pattern or practice of noncompliance, *see* 12 U.S.C. § 2605(f)(1)(B); and that equitable relief is not available under RESPA.

The Allens respond that the 2011 loan modification did not relieve Wells Fargo of its duty under RESPA to evaluate their 2015 loss mitigation application and provide the required notice. They maintain that § 1024.41(i)'s limitation on "Duplicative requests"—i.e., the servicer's duty "to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account"—is not retroactive, and that Wells Fargo was therefore required to evaluate their 2015 application regardless of the 2011 loan modification. This position finds support in a decision of this court. *See Searcy v. Citimortgage, Inc.*, 2015 WL 11120981, at *4 (N.D. Tex. Sept. 16, 2015) (Solis, J.) (holding that servicer was required under § 1024.41 to consider plaintiffs' loss mitigation application, notwithstanding previous loan modification application before regulation took effect).

The Allens also contend that they have sufficiently pleaded actual damages, because "actual damages" encompasses compensatory damages, such as lost work time, inconvenience, and fax and postal charges, which they have suffered in this case, Ps. Br. 5 (citing *Hernandez v. U.S. Bank, N.A.*, 2013 WL 6840022, at *5 (N.D. Tex. Dec. 27, 2013) (O'Connor, J.)), and that they are entitled to injunctive relief.

C

The court holds that the Allens have failed to state a RESPA-based claim for a violation of 12 C.F.R. § 1024.41, and that the claim must be dismissed.

First, the court agrees with Wells Fargo's position and holds that, under § 1024.41(i),

"[a] servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account," even if the borrower's prior application was made before the regulation took effect on January 10, 2014. "The plain text of 12 C.F.R. § 1024.41 does not require compliance with 12 C.F.R. § 1024.41 for multiple loss mitigation applications—without excluding loss mitigation applications submitted before January 10, 2014." *Bobbitt*, 2015 WL 12777378, at *3; *see also Wentzell*, 627 Fed. Appx. at 318 n.4 (stating in *dicta* that servicer's duty under § 1024.41 applied only to borrower's first loss mitigation application, and because borrowers (who had entered into a loan modification agreement in 2006, i.e., before January 10, 2014) were making claims related to later alleged applications, "they ha[d] not stated a claim even under [12 C.F.R. § 1024.41]"). To interpret § 1024.41 otherwise would in effect be to read a key provision—the limitation on "Duplicative requests" of § 1024.41(i)—out of the regulation for an entire category of borrowers, without any clear intent from the Bureau of Consumer Financial Protection to do so. Such an interpretation would subject loan servicers to regulatory obligations to a potentially vast number of borrowers who had made loss mitigation applications before the regulation took effect, at a time when they were not themselves subject to the corresponding obligations that § 1024.41 imposes on borrowers.[3]

---

[3]The court recognizes that it is disagreeing with *Searcy*, 2015 WL 11120981, which is a decision of another judge of this court. But such rulings are not binding as the "law of the district." *See SEC v. Cuban*, 798 F.Supp.2d 783, 788 (N.D. Tex. 2011) (Fitzwater, C.J.). And although the undersigned "invariably gives serious and respectful consideration to the decisions of other judges of this court on questions of law—and typically follows them because they are usually correct and because predictability in such matters is desirable," *id.*,

Second, the Allens have not pleaded actual damages, because their petition contains only a conclusory statement, not facts supporting the lost work time and administrative expense theories in their response. *See Iqbal*, 556 U.S. at 678.

Third, the Allens have not alleged a pattern or practice of misconduct, as required for statutory damages, *see* 12 U.S.C. § 2605(f)(1), and have not identified a legal basis for equitable relief, *cf. id.* (providing for damages only). The court therefore grants Wells Fargo's motion to dismiss this claim.

IV

The court next addresses whether the Allens have stated a claim under RESPA for a violation of 12 C.F.R. § 1024.40(a). This regulation requires a servicer to assign personnel to delinquent borrowers and make such personnel available by telephone. *See* 12 C.F.R. § 1024.40(a).

Wells Fargo contends that there is no private right of action under this provision. *See, e.g.*, *Decker v. Servis One, Inc.*, 2017 WL 61965, at *3 (W.D. Tex. Jan. 5, 2017). The Allens have not responded to this contention.

The court concludes that the Allens have not stated a claim under RESPA for a violation of 12 C.F.R. § 1024.40(a) because it is not enforceable by private right of action. *See id.*; *compare* 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA[.]"), *with* 12 C.F.R. § 1024.40(a) (no enforcement

---

it does not do so when it concludes that the other judge's decision is in error.

provision). The court thus grants Wells Fargo's motion to dismiss this claim.

V

Although district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, they normally do not do so where it is clear that the defects in the pleading are incurable. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.). In this case, the Allens have alleged facts that preclude them from recovering under § 1024.41 (i.e., that their 2015 request was duplicative of their 2011 request), and there is no private right of action that enables them to bring a § 1024.40 claim. Because these defects cannot be cured by repleading, the court is dismissing this action with prejudice, and without leave to replead.

\* \* \*

Accordingly, treating Wells Fargo's motion to dismiss as a Rule 12(c) motion for judgment on the pleadings, the court grants the motion and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

August 9, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE